KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MORGAN EARLY #10104
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:  Morgan.Early@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | MAG. NO. 19-01234 RT |
| Plaintiff, | MOTION TO DETAIN DEFENDANT |
| vs. | |
| LOREN OKAMURA, | |
| Defendant. | |

MOTION TO DETAIN DEFENDANT

The United States hereby moves to detain defendant pending trial, pursuant to 18 U.S.C. § 3142.

1. <u>Eligibility of Case</u>. This defendant is eligible for detention because the case involves (check all that apply):

    ___  a.  Offense committed on release pending felony trial (3142(d)(1)(A)(i))*

    ___  b.  Offense committed on release pending imposition, execution, or appeal of sentence, conviction or completion of sentence (3142(d)(1)(A)(ii))*

    ___  c.  Offense committed while on probation or parole (3142(d)(1)(A)(iii))*

    ___  d.  A citizen of a foreign country or unlawfully admitted person (3142(d)(1)(B))*

    ___  e.  Crime of violence (3142(f)(1)(A))

    ___  f.  Maximum sentence life imprisonment or death (3142(f)(1)(B))

    ___  g.  10+ year drug offense (3142(f)(1)(C))

    ___  h.  Felony, with two prior convictions in above categories (3142(f)(1)(D))

    ___  i.  Felony not otherwise a crime of violence involving a minor victim (3142(f)(1)(E))

    ___  j.  Felony not otherwise a crime of violence involving the possession or use of a firearm, destructive device, or dangerous weapon (3142(f)(1)(E))

    ___  k.  Felony not otherwise a crime of violence involving a failure to register under 18 U.S.C. § 2250 (3142(f)(1)(E))

    _X_  l.  Serious risk defendant will flee (3142(f)(2)(A))

      _ X _   m.   Danger to other person or community **

      _ X _   n.   Serious risk obstruction of justice (3142(f)(2)(B))

      _ X _   o.   Serious risk threat, injury, intimidation of prospective witness or juror (3142(f)(2)(B))

\* requires "l" or "m" additionally

\*\* requires "a", "b", "c", or "d" additionally

2. <u>Reason for Detention</u>.  The court should detain defendant (check all that apply):

      _ X _   a.   Because there is no condition or combination of conditions of release which will reasonably assure defendant's appearance as required (3142(e))

      _ X _   b.   Because there is no condition or combination of conditions of release which will reasonably assure the safety of any other person and the community (3142(e))

      ___   c.   Pending notification of appropriate court or official (not more than 10 working days (3142(d))

3. <u>Rebuttable Presumption</u>.  A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community arises under Section 3142(e) because (check all that apply):

      ___   a.   Probable cause to believe defendant committed 10+ year drug offense

      ___   b.   Probable cause to believe defendant committed an offense under 18 U.S.C. § 924(c)

      __   c.   Probable cause to believe defendant committed an offense under 18 U.S.C. § 956(a) or 2332b

      __   d.   Probable cause to believe defendant committed 10+ year offense listed in 18 U.S.C. § 2332b(g)(5)(B)

      __   e.   Probable cause to believe defendant committed an offense involving a minor victim listed in 18 U.S.C. § 3142(e)

      __   f.   Previous conviction for eligible offense committed while on pretrial release

4. <u>Time for Detention Hearing</u>.  The United States requests that the court conduct the detention hearing:

      __   a.   At first appearance

      _X_   b.   After continuance of _3_ days (not more than 3)

5. <u>Out of District Rule 5 Cases</u>.  The United States requests that the detention hearing be held:

      _X_   a.   In the District of Hawaii

      __   b.   In the District where charges were filed

6. <u>Other Matters</u>.

On October 2, 2019, the Defendant, Loren Okamura, was indicted in the District of Utah, Northern Division, for five federal felonies, including cyberstalking of two individuals, Person A and Person B, an adult woman and her father.  Law enforcement struggled to find Okamura after his indictment, in part

because he does not have a known permanent address nor known employment in Hawaii. Okamura is also very savy with technology, and uses applications on his phone such as "Coverme" to spoof location data. He was finally arrested on November 22, 2019 in the District of Hawaii.

For months on end, Okamura has been engaged in cyberstalking conduct that has affected not only an adult woman, her father, and her family, but an entire neighborhood. Okamura has not only sent the woman extensive and repeated threats, but also he has posted her face and family's residence address online. He has used this address to send a multitude of unwanted goods and services to the woman and her family. These goods and services included food deliveries, repair services, plumbers, tow trucks, locksmiths, and prostitutes, all of which were ordered by Okamura, in an effort to harass and intimidate this family. The amount of loss to service businesses amounted to thousands of dollars.

Between November 2018 and February 2019, law enforcement in Utah responded to unwanted service calls at this residence more than 80 times. In January 2019, Okamura left egregious amounts of unwanted voicemails on the adult woman's voicemail, including multiple messages per day. The adult female and her family have obtained cease and desist orders, as well as a civil stalking injunction in Utah, which Okamura continues to break.

Okamura's egregious and relentless conduct did not stop there. He started sending unwanted visitors to the residence, and the father estimates that over 500 unwanted people have been to his house between August and March 2019. At least some of these resulted from Okamura posting the family's address on Craigslist stating that the homeowner wants drugs and prostitutes to come to the house. In March 2019, this case hit the news in Utah, and the entire neighborhood has witnessed this continued harassment.

In May 2019, the adult female received an email that she should "sleep with one eye open and keep looking over her shoulder you crazy bitch we are coming for you and your dumbass daddy and crazy ass mommy. You should just kill yourself and do your family a favor."

The evidence in this case proving Okamura's guilt includes digital information from his cellphone records and Apple ID Account, all of which prove he is the person committing the stalking and threatening conduct. Digital evidence also corroborates the specific companies that were sent to the house to deliver unwanted goods and services.

//

//

//

//

The government will submit more factual details and exhibits about the conduct at the core of this case in a Memorandum in Support of this Motion.

DATED:  <u>November 25, 2019</u>, at Honolulu, Hawaii.

>KENJI M. PRICE
>United States Attorney
>District of Hawaii
>
>
>By <u>/s/ Morgan Early          </u>
>   MORGAN EARLY
>   Assistant U.S. Attorney